UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

WE Cork, Inc.,
    Plaintiff

    v.                              Case No. 15-cv-85-SM
                                     Opinion No. 2015 DNH 140
Citizens Bank, N.A.,
    Defendant

**O R D E R**

WE Cork, Inc., a former banking customer of defendant, Citizens Bank, N.A., brings this action asserting claims for money damages arising from four counts: (1) negligence, (2) conversion, (3) breach of contract, and (4) breach of fiduciary duty.  Defendant moves to dismiss Count III and Count IV of plaintiff's complaint.

For the reasons stated, defendant's motion to dismiss Count III is denied, and its motion to dismiss Count IV is granted without objection.

**Findings of Fact**

Accepting the factual allegations set forth in WE Cork's complaint as true, as is required for purposes of this motion, the relevant facts are as follows.  When WE Cork opened its corporate account, it entered into an account agreement with the bank.  The defendant, Citizens Bank, is a successor in interest

to the original bank.  Citizens Bank has continued to service plaintiff's account pursuant to the account agreement.  Plaintiff asserts that the account agreement established a contractual relationship with defendant.  Plaintiff further contends that the contractual relationship also gave rise to a fiduciary relationship between the parties.

Subsequently, a former employee of WE Cork stole several checks payable to plaintiff, totaling $80,720.44, and deposited them into a third-party personal checking account at Citizens Bank, without the endorsement required under the account agreement.

Citizens Bank does not dispute these facts.  Rather, it moves to dismiss plaintiff's breach of contract claim because plaintiff did not identify in its complaint either the contract or the provision that is the subject of its claim.  Additionally, Citizens Bank moves to dismiss plaintiff's breach of fiduciary duty claim, arguing that, as a matter of law, it does not owe plaintiff any fiduciary duty.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in

2

favor of the pleader." <u>SEC v. Tambone</u>, 597 F.3d 436, 441 (1st
Cir. 2010).  Although the complaint need only contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief, Fed. R. Civ. P. 8(a)(2), that plain statement
must allege each of the essential elements of a viable cause of
action and "contain sufficient factual matter, accepted as true,
to state a claim to relief that is plausible on its face."
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation and
internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the
'grounds' of his entitlement to relief' requires more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550
U.S. 544, 555 (2007).  Instead, the facts alleged in the
complaint must, if credited as true, be sufficient to "nudge[]
[plaintiff's] claims across the line from conceivable to
plausible." <u>Id</u>. at 570.

If, however, the "factual allegations in the complaint are
too meager, vague, or conclusory to remove the possibility of
relief from the realm of mere conjecture, the complaint is open
to dismissal." <u>Tambone</u>, 597 F.3d at 442.

**Discussion**

In its response to defendant's motion to dismiss, plaintiff conceded that it cannot maintain a cause of action for breach of fiduciary duty.  Specifically, plaintiff acknowledged that it has no evidence of the alleged fiduciary relationship.  Therefore, plaintiff's claim for breach of fiduciary duty must be dismissed.

The Court of Appeals for this circuit recently applied <u>Iqbal</u> and <u>Twombly</u> in <u>Cardigan Mountain Sch. v. New Hampshire Ins. Co.</u>, reiterating that a plaintiff's "factual allegations need only be enough to nudge the claim 'across the line from conceivable to plausible,' thus 'raising a reasonable expectation that discovery will reveal evidence'" supporting a claim, and reminding district courts in this circuit that a plaintiff's burden is minimal at the motion to dismiss stage.  <u>Cardigan Mountain Sch.</u>, 787 F.3d 82, 83 (1st Cir. 2015).

In this case, plaintiff alleges that it entered into a contract with defendant when it opened a corporate checking account with Citizens Bank's predecessor, and that Citizens Bank continued to service said account in accordance with the terms of the account agreement.  While plaintiff did not specifically identify the contract or precise provision giving rise to its substantive claims, the complaint plainly infers that the contract mentioned is that which exists between WE Cork, Inc. and

4

Citizens Bank in regard to the former's corporate checking account.  The pertinent documents are likely obtainable through discovery, from Citizen Bank's customer files.  WE Cork's complaint plainly provides "a plausible basis, beyond a mere possibility, for believing that" it had a contract with Citizens Bank that governs the terms of its corporate checking account argued to be breached by defendant in this case.

## Conclusion

Based on plaintiff's concession, defendant's motion to dismiss Count IV (breach of fiduciary duty) is granted.


At this juncture, absent factual development of the record, the court cannot determine whether a contract between WE Cork Inc. and Citizens Bank was formed.  However, plaintiff's complaint adequately alleges the contract's existence, and those allegations and reasonable inferences are plausible, not merely conceivable.  Additionally, in citing its corporate checking account relationship with Citizens Bank as the subject matter of the contract, plaintiff's complaint cannot be construed as overly vague or conclusory in regard to this particular matter.  Consequently, defendant's motion to dismiss Count III of plaintiff's complaint is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 21, 2015

cc:  Mark F. Sullivan, Esq.
     Brenna A. Force, Esq.
     Kelly M. Malone, Esq.